EMPLOYERS MUTUAL CASUALTY COMPANY v
HELICON ASSOCIATES, INC

Docket No. 322215. Submitted October 14, 2015, at Detroit. Decided
December 1, 2015, at 9:00 a.m. Leave to appeal sought.

Employers Mutual Casualty Company (EMC) brought a declaratory
judgment action in the Wayne Circuit Court against Helicon
Associates, Inc., the estate of Michael J. Witucki, and others,
including Wells Fargo Advantage National Tax Free Fund, Wells
Fargo Advantage Municipal Bond Fund, Lord Abbett Municipal
Income Fund, Inc., and Pioneer Municipal High Income Advan-
tage (collectively, the Funds). The Funds had purchased approxi-
mately $7 million in bonds issued by a charter school operated by
Helicon, which in turn was managed by Witucki. The charter
school, however, was not legally authorized to issue its own debt.
To avoid having its charter revoked, the school unwound the bond
issue, and the Funds accepted $3.2 million in newly issued bonds
in lieu of their original $7 million investment. The Funds then
brought a federal action against Helicon, Witucki, and others and
obtained a consent judgment that acknowledged a violation of
Conn Gen Stat 36b-29(a)(2) (part of the Connecticut Uniform
Securities Act) and awarded the Funds more than $4 million.
EMC had provided a defense for Helicon and Witucki in the
federal action, under a reservation of rights. In the present
lawsuit, EMC sought a declaratory judgment that indemnity
coverage was not available for that defense. While EMC did not
dispute that Helicon and Witucki were its insureds, it argued that
four separate exclusions in the policies (a return-of-remuneration
exclusion, an exclusion for personal profit or advantage, a
guarantee-on-bonds exclusion, and a fraud-or-dishonesty exclu-
sion) applied, each of which would independently have precluded
coverage. Helicon and Witucki counterclaimed for breach of
contract and bad faith. The court, Brian R. Sullivan, J., found
that three of the four exclusions applied and granted summary
disposition in favor of EMC. The Funds appealed.

The Court of Appeals *held*:

The fraud-or-dishonesty provision in the policy excluded cov-
erage for any action brought against an insured if by judgment or

adjudication that action was based on a determination that the insured committed acts of fraud or dishonesty. The Funds contended that the provision did not apply because the underlying federal securities action had not adjudicated the issue of fraud or dishonesty. However, the consent judgment that concluded the federal action, which became a court judgment when the trial court sanctioned it, was premised on a violation of the Connecticut Uniform Securities Act. Conn Gen Stat 36b-29(a)(2) provides generally that any person who offers or sells, or materially assists in offering or selling, a security by means of any untrue statement of a material fact or any omission to state a material fact and knew or in the exercise of reasonable care should have known of the untruth or omission is liable to the person buying the security. Witucki and Helicon assisted in the offering and sale of bonds to the Funds without the proper authority, resulting in a substantial loss in the value of the investment when the bonds were required to be reissued. The consent judgment, by finding a violation of the Connecticut statute, necessarily found that Witucki and Helicon made untrue statements of a material fact or omitted to state a material fact. Because Helicon's and Witucki's statements and representations were untrue and resulted in the statutory violation, they committed acts of fraud or dishonesty within the meaning of the policy exclusion. Moreover, contrary to the Funds argument, application of the exclusion did not render coverage under the policy illusory. Because the trial court correctly determined that the fraud-and-dishonesty exclusion applied, it was not necessary to consider the remaining policy exclusions.

Affirmed.

*Garan Lucow Miller, PC* (by *Megan K. Cavanagh*), for Employers Mutual Casualty Company.

*Davis & Ceriani, PC* (by *Scott W. Wilkinson* and *George R. Lyons*), and *Kitch Drutchas Wagner Valitutti & Sherbrook* (by *Christina A. Ginter* and *Michael J. Watza*) for Wells Fargo Advantage National Tax Free Fund, Wells Fargo Advantage Municipal Bond Fund, Lord Abbett Municipal Income Fund, Inc., and Pioneer Municipal High Income Advantage.

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM. Defendants Wells Fargo Advantage National Tax Free Fund, Wells Fargo Advantage Municipal Bond Fund, Lord Abbett Municipal Income Fund, Inc., and Pioneer Municipal High Income Advantage (hereinafter, the Funds) appeal as of right the order granting summary disposition in favor of plaintiff/counterdefendant, Employers Mutual Casualty Company (hereinafter, EMC), in this declaratory judgment action. We affirm.

This case arises out of the outcome of a prior federal suit initiated by the Funds against parties who, in relevant part, were insured by EMC. Briefly, the Funds had purchased approximately $7 million in bonds issued by a charter school operated by Helicon Associates, Inc., which in turn was managed by Michael J. Witucki.[1] The charter school was, however, not legally authorized to issue its own debt. Facing the threat of having its charter revoked, the school "had to 'unwind' the bond issue, and [the Funds] accepted $3.2 million in newly issued bonds in lieu of their original $7 million investment." In the ensuing federal court securities action, the Funds pursued claims pertaining to the bond issuance, including violations of various securities and blue-sky laws, in addition to tort claims. The federal action resulted in a consent judgment acknowledging violation of Conn Gen Stat 36b-29(a)(2), part of the Connecticut Uniform Securities Act (CUSA), and awarding the Funds more than $4 million, including costs and attorney fees.

EMC provided a defense for Helicon and Witucki in the federal action under a reservation of rights, but commenced the instant declaratory judgment action, seeking to establish that indemnity coverage was not

---

[1] Witucki died in November 2009 and his estate was substituted as a defendant in the federal court action.

available, under its linebacker[2] or umbrella policies with Helicon and Witucki, for the claims asserted in the federal action. EMC did not dispute that Helicon and Witucki are insureds, but argued that four separate exclusions (return of remuneration, personal profit or advantage, guarantee on bonds, and fraud or dishonesty) applied, each of which would independently preclude coverage. Helicon and Witucki counterclaimed for breach of contract and "bad faith." The trial court found that three of the four cited exclusions applied, and it therefore granted summary disposition in favor of EMC.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the nonmoving party. A grant of summary disposition is proper only when the evidence fails to establish a genuine issue regarding any material fact. *Id.* at 120.

In addition, questions of contract interpretation are reviewed de novo. *Burkhardt v Bailey*, 260 Mich App 636, 646; 680 NW2d 453 (2004). Courts enforce contracts in accordance with their terms, giving the contractual words their plain and ordinary meanings. *Reicher v SET Enterprises, Inc*, 283 Mich App 657, 664; 770 NW2d 902 (2009). "An unambiguous contractual provision reflects the parties['] intent as a matter of law, and '[i]f the language of the contract is unambigu-

---

[2] According to an EMC brochure, "Linebacker is a public officials policy for the wrongful acts rendered in the performance of organizational duties on behalf of the insured."

ous, we construe and enforce the contract as written.' " *Id.* (citation omitted) (second alteration in original). " 'The primary goal in the construction or interpretation of any contract is to honor the intent of the parties' . . . ." *Stone v Auto-Owners Ins Co,* 307 Mich App 169, 174; 858 NW2d 765 (2014) (citation omitted). Insurance contracts are generally treated the same as any other contract, but it is incumbent on an insured to show coverage and incumbent on the insurer to show that an exclusion applies. *Pioneer State Mut Ins Co v Dells,* 301 Mich App 368, 377-378; 836 NW2d 257 (2013).

As noted, EMC asserted that four exclusions in its Linebacker policy preclude coverage: "personal profit or advantage," "return of remuneration," "fraud or dishonesty," and "guarantees on bond issues." The trial court did not specifically address the return-of-remuneration exclusion, but it found the other three to apply. The Funds do not dispute that if any of the exclusions apply, coverage is precluded.

The fraud-or-dishonesty provision excludes coverage for

[a]ny action brought against an "insured" if by judgment or adjudication such action was based on a determination that acts of fraud or dishonesty were committed by the "insured."

The Funds contend that this provision is not applicable because the underlying securities action did not adjudicate the issue of fraud or dishonesty. Specifically, the Funds argue that the securities action was based on negligence and that fraud was not a necessary component for liability. The Funds further assert that the trial court ignored the language of the provision, which required a judgment or adjudication to effectuate the

exclusion, and that the trial court's ruling rendered the policy illusory. We disagree.

The consent judgment that concluded the federal action was premised on a violation of the CUSA, specifically Conn Gen Stat 36b-29(a)(2). First, although a consent judgment in the abstract is more in the nature of a contract or settlement, it *becomes* a court judgment when the court "sanctions" it. *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 354; 852 NW2d 22 (2014). Consequently, a consent judgment may have an exceptional genesis, but *"once entered,* consent judgments are treated the same as litigated judgments in terms of their force and effect." *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 572; 840 NW2d 375 (2013). The Federal Rules of Civil Procedure define a "judgment" as "a decree and any order from which an appeal lies." FR Civ P 54(a). Consequently, the consent judgment here is, for all conceivably relevant purposes, just another judgment.

Second, the specific statute provides, in relevant part:

> *Any person who . . . (2) offers or sells or materially assists any person who offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, who knew or in the exercise of reasonable care should have known of the untruth or omission, the buyer not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable to the person buying the security,* who may sue either at law or in equity to recover the consideration paid for the security, together with interest at eight per cent per year from the date of payment, costs and reasonable attorneys' fees, less the amount of any income received on the

security, upon the tender of the security, or for damages if
he no longer owns the security. [Conn Gen Stat 36b-
29(a)(2) (emphasis added).]

Witucki and Helicon assisted in the offering and sale of
bonds to the Funds without the proper authority,
resulting in a substantial loss in the value of the
investment when the bonds were required to be reis-
sued. Under the plain language of the Connecticut
statute, the consent judgment, by finding a violation of
that statute, necessarily found that Witucki and Heli-
con made "untrue statement[s] of a material fact" or
"omi[tted] to state a material fact." *Id.* The word
"dishonesty" is defined in *Black's Law Dictionary* (10th
ed) as "[d]eceitfulness as a character trait; behavior
that deceives or cheats people; *untruthfulness*; un-
trustworthiness." (Emphasis added.) Because state-
ments and representations made by Helicon and Wi-
tucki were "untrue," and those statements and
representations resulted in the statutory violation,
they committed acts of fraud or dishonesty within the
meaning of the policy exclusion.

The Funds further suggest that application of the
exclusion renders coverage illusory. As discussed in *Ile
v Foremost Ins Co*, 293 Mich App 309, 315-316; 809
NW2d 617 (2011), rev'd on other grounds 493 Mich 915
(2012):

An "illusory contract" is defined as "[a]n agreement in
which one party gives as consideration a promise that is so
insubstantial as to impose no obligation. The insubstan-
tial promise renders the agreement unenforceable." A
similar, more specific concept exists in the realm of insur-
ance. The "doctrine of illusory coverage" encompasses "[a]
rule requiring an insurance policy to be interpreted so
that it is not merely a delusion to the insured. Courts
avoid interpreting insurance policies in such a way that an

insured's coverage is never triggered and the insurer bears no risk." [Citations omitted; alterations in original.]

"[T]he doctrine of illusory coverage is applicable 'where part of the [insurance] premium is specifically allocated to a particular type or period of coverage and that coverage turns out to be functionally nonexistent.' " *Ile*, 293 Mich App at 320-321 (citation omitted) (second alteration in original). Simply put, we are at a loss to comprehend how an exclusion based on "acts of fraud or dishonesty" renders the policy or coverage illusory absent an argument that fraud or dishonesty is intrinsically necessary to Helicon's and Witucki's operations, which we do not accept. Mere negligence will not trigger the exclusion. Hence, the coverage cannot be construed to be illusory because situations exist or could occur that will permit recovery.

Given our finding that the trial court correctly determined the applicability of the fraud-and-dishonesty exclusion, we need not consider the remaining policy exclusions.

Affirmed.

METER, P.J., and WILDER and RONAYNE KRAUSE, JJ., concurred.